UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| PARKING MANAGEMENT, INC., ) | Case No. 20-15026-TJC |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

OBJECTION TO CONFIRMATION OF PLAN

CBRE Inc. ("CBRE") and 5275 Sky 7 - Propco, LLC ("Sky 7"), by counsel, file this Objection to Confirmation of the Chapter 11 Subchapter V Plan filed August 5, 2020 by Parking Management, Inc. (the "Debtor"). In support of this objection, CBRE and Sky 7 respectfully submit the following:

**Introduction**

1. Sky 7 is the owner of improved real property located at the following addresses: 5107 Leesburg Pike, 5205 Leesburg Pike, 5203 Leesburg Pike, 5201 Leesburg Pike, 5113 Leesburg Pike, 5111 Leesburg Pike, 5109 Leesburg Pike, and 5275 Leesburg Pike, and known respectively as One Skyline Tower, One Skyline Place, Two Skyline Place, Three Skyline Place, Four Skyline Place, Five Skyline Place, Six Skyline Place, and Seven Skyline Place (the "Skyline Place Properties").

2. Sky 7 is the successor in interest to U.S. Bank National Association ("US Bank") under a Service Contract (the "Service Contract") entered into December 21, 2016 by and between US Bank, CBRE and the Debtor, pursuant to which parking revenues collected by the Debtor in the course of operating and managing certain parking facilities at the Skyline Place Properties are required to be maintained in a separate, segregated account for the benefit of Sky 7. In the months prior to filing the present case, the Debtor failed to maintain such revenues in a

segregated account, and instead deposited parking revenues into its general accounts and commingled these funds with other monies.

3. Sky 7 and CBRE believe the Debtor wrongfully diverted and commingled funds in the amount of $310,742. Upon filing its case, the Debtor scheduled CBRE as holding an unsecured claim against the Debtor in the amount of $177,714.  It amended its bankruptcy schedules on July 9, 2020, listing the full amount of funds converted from CBRE and Sky 7 as an unsecured obligation of $310,742.00.

4. As of the Petition Date, as stated in Defendant's bankruptcy schedules, Defendant held more than $4,900,000.00 in funds. Of these amounts, $310,742.00 of the funds consisted of parking revenues from the Skyline Place Properties. Such funds are property of Sky 7 and CBRE. The Plan (and the Debtor's schedules) incorrectly characterize the $310,742 as an unsecured debt owed to CBRE.  In fact, the Debtor holds this amount in trust for Sky 7 and CBRE, and it cannot confirm a Plan which calls for payment of CBRE as an unsecured creditor.

## The Debtor's Plan

5. The Debtor filed its Chapter 11 Subchapter V Plan on August 5, 2020. In its Plan, the Debtor provides for payment to holders of unsecured claims of an estimated "31 cents on the dollar." [Plan, pg 1].  The Plan appears to contemplate quarterly *pro rata* payments of estimated net operating income to unsecured claimants over a three-year period beginning December 31, 2020, with payments beginning at $50,000 per quarter, increasing to $100,000, then $500,000 per quarter in years two and three, and a final quarterly payment of $835,273 in the third quarter of 2023. The Debtor provides no explanation why it seeks to distribute funds over a three-year, as opposed to five-year, payment period.

6. The Plan makes no provision for payment of the Sky 7 and CBRE funds to their owners. Moreover, the Plan, if confirmed, would potentially eliminate the rights of Sky 7 and

2

CBRE to pursue recovery of their funds, as the Plan provides that property will vest in the Debtor as of the effective date of the Plan free and clear of claims and interests of creditors provided for in the Plan, and that all parties are bound by the terms of the Plan. Thus, confirmation would potentially deprive Sky 7 and CBRE of their rights in and to these funds.

## Objections to Confirmation

7. Sky 7 and CBRE object to confirmation of the Plan first, because the Plan fails to account for, or pay over to Sky 7 and CBRE, parking revenues the Debtor collected on behalf of Sky 7 and CBRE prior to the bankruptcy case. Such revenues were and remained property of Sky 7 and CBRE, which were to be held in a segregated account by the Debtor for the benefit of Sky 7 and CBRE. They were not to be commingled and were not subject to attachment by the creditors of the Debtor.

8. The Debtor failed to maintain parking revenues in a Facility Account, and failed to pay over those revenues to Sky and CBRE. Instead, it converted such revenues to its own use, wrongfully comingled the funds in the Debtor's banking accounts, and attempted to characterize its obligation to pay them to Sky and CBRE as an unsecured debt obligation.

9. The Plan cannot utilize funds of Sky 7 and CBRE in its efforts to reorganize. By failing to pay such funds to their rightful owners, the Debtor essentially proposes using money it does not own to fund its Plan. These are not Debtor's funds and they were wrongly deposited, and the Plan must make provision for release of these funds to Sky 7 and CBRE.

10. Sky 7 and CBRE also object to confirmation because the Plan fails to provide for the fair and equitable treatment of the claims of unsecured creditors. Pursuant to 1191(c), in order to meet the "fair and equitable" test, a plan must call for the debtor to distribute all of its projected disposable income for up to five years from the commencement of the plan term.

Section 1191(c) permits payment of projected disposable income over the 3-year period, or over such longer period (up to 5 years) as the court may fix.

11. Courts have noted that 1191(c) contains no standards for determining the appropriate commitment period for payment of the debtor's projected disposable income. Rather, "the Court's involvement in choosing the commitment period is unique to subchapter V cases." In re Pearl Resources, LLC, 20-31585, 2020 WL 5823303, at *20 (Bankr. S.D. Tex. Sept. 30, 2020). As the Pearl River Court noted, the definition of projected disposable income under Section 1191(c) includes all income other than that which is necessary "for the maintenance or support of the debtor or the "payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor."[1]

12. In this case, the Debtor has proposed to commit the minimum three years of its disposable income to plan payments, but the Plan makes no showing that projected disposable income earned in years four and five of the Plan must be retained by the Debtor for "maintenance and support" or for payment of necessary business expenditures. Instead, the Plan simply allows the holders of equity in the Debtor to benefit from the additional two years of disposable income which otherwise would be allocated to payments under the Plan, while the plan pays an estimated dividend of 31% of creditors' claims.

13. The unfairness of limiting payments to a three-year term is brought into focus by the structure of the payments estimated to come to unsecured creditors. The Debtor estimates it will only be able to make *pro rata* distributions of $50,000 over the first year of the plan, but by year three anticipates making quarterly payments ten times this amount, or $500,000. Cutting off its payment obligations after three years likely leaves a large amount of cash in its hands in

---

[1] Section 1191(c) also excludes from projected disposable income necessary to payment of a post-petition domestic support obligation, an exclusion not applicable in this case.

4

years 4 and 5, after the Debtor has made modest payments in the three-year plan term, a result which can hardly be described as fair to holders of unsecured claims.

WHEREFORE, for the foregoing reasons, Sky 7 and CBRE respectfully request the Court deny confirmation to the Debtor's Subchapter V Plan of Reorganization, and that the Court grant such other and further relief as it deems just and proper in the circumstances.

Respectfully submitted, this 26th day of October, 2020.

        COHEN, BALDINGER & GREENFELD, LLC

        */s/ Augustus T. Curtis*        .
        Augustus T. Curtis, Esq. (#26653)
        2600 Tower Oaks Boulevard, Suite 290
        Rockville, MD 20852
        (301) 881-8300
        Counsel for Sky 7 and CBRE

CERTIFICATE OF SERVICE

I certify that I have reviewed the Court's CM/ECF filing system, and that it confirms that the foregoing Objection will be served upon the following parties requesting electronic notices, by electronic service, this 26th day of October, 2020.

Monique D. Almy    malmy@crowell.com, cbest@crowell.com;malmy@ecf.axosfs.com
GWYNNE L BOOTH    GLB@GDLLAW.COM
Richard L. Costella    rcostella@tydings.com, jmurphy@tydings.com
Mary S. Diemer    mary.diemer@nelsonmullins.com, robert.ours@nelsonmullins.com
Mary J. Dowd    mary.dowd@arentfox.com, jill.clough@arentfox.com
Philip Tucker Evans    philip.evans@hklaw.com, kimi.odonnell@hklaw.com
Rosa Evergreen    rosa.evergreen@arnoldporter.com, ecf-a6608983ebb8@ecf.pacerpro.com
John David Folds    dfolds@bakerdonelson.com, sparson@bakerdonelson.com
Catherine Harrington    charrington@bregmanlaw.com
David D. Hudgins    e-mailbox@hudginslawfirm.com
Walter R. Kirkman    wkirkman@bakerdonelson.com, cgregory@bakerdonelson.com
Lynn A. Kohen    lynn.a.kohen@usdoj.gov
Leonidas Koutsouftikis    lkouts@magruderpc.com, mcook@magruderpc.com
Richard M. Kremen    richard.kremen@dlapiper.com, bill.countryman@dlapiper.com
Alexander M. Laughlin    alex.laughlin@ofplaw.com, marse.hammond@ofplaw.com
Richard Edwin Lear    richard.lear@hklaw.com, kimi.odonnell@hklaw.com
Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
Stephen W. Nichols    snichols@offitkurman.com
Robert B. Scarlett    RScarlett@ScarlettCroll.com, krynarzewski@scarlettcroll.com; mmyers@scarlettcroll.com;scarlettrr64434@notify.bestcase.com
Bryn Hope Sherman    bsherman@offitkurman.com, rparrish@offitkurman.com
David Sommer    dsommer@gejlaw.com, ceyler@gejlaw.com;gomara@gejlaw.com
Jackson David Toof    jackson.toof@arentfox.com
US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
Jolene E. Wee    jwee@jw-infinity.com

/s/ Augustus T. Curtis    .
Augustus T. Curtis, Esq.