Entered: January 8th, 2021
Signed: January 7th, 2021

## SO ORDERED

The Debtor's Second Amended Plan does not adversely change the treatment of the claim of any creditor who has not accepted in writing the modification, see FRBP 3019, and increases the payment to general unsecured creditors. The plan is confirmed based on the representation in court that Inner Harbor East Garage, LLC and Thames Street Garage LLC withdraw their objection and support the plan.



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re:                                    *
                                          *
PARKING MANAGEMENT, INC.                  *    Case No. 20-15026-TJC
                                          *    Chapter 11 (Subchapter V)
            Debtor.                       *
                                          *
* * * * * * * * * * * * *

ORDER CONFIRMING
DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN

Parking Management, Inc. (the "Debtor") filed its Chapter 11 Subchapter V Plan dated August 5, 2020 and filed on August 7, 2020 [Doc 207], its Amended Plan dated and filed October 26, 2020 [Doc 325] and its Second Amended Plan dated and filed December 28, 2020 (the "Plan"), and has sought confirmation of the Plan.[1]

**NOW, THEREFORE**, based upon (i) the evidence proffered or adduced at, any objections filed in connection with, and arguments of counsel made at, the confirmation hearing, and (ii) the entire record herein; and after due deliberation thereon; and good cause appearing therefor;

---

[1] Capitalized terms not defined in this Order shall have the meanings given to them in the Plan.

**IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:**[2]

1. **<u>Jurisdiction and Venue (28 U.S.C. §§ 157, 1334 and 1408)</u>.** This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. **<u>Transmittal and Mailing of Materials; Notice</u>.** The Plan, a Ballot and Confirmation Hearing Notice were transmitted and served in compliance with Bankruptcy Rules and such transmittal and service were adequate and sufficient.

3. **<u>Plan Compliance with 11 U.S.C. § 1123(a)</u>.** As specifically set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, including Section 1123(a), thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

    a. <u>Proper Classification (11 U.S.C. §§ 1122 and 1123 (a)(1))</u>. The Plan designates Unsecured Claims and Equity Interests for the Debtor. The Unsecured Claims and Equity Interests placed in each class are substantially similar to other Claims or Equity Interests, as the case may be, in each such class. Valid business, factual and legal reasons exist for separately classifying the various classes of Claims and Equity Interests created under the Plan. The Plan therefore satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

    b. <u>Specify Unimpaired and Impaired Classes (11 U.S.C. § 1123(a)(2) and (3))</u>. The Plan specifies that Class 2 is unimpaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code. The Plan designates Class 1 as impaired and specifies the treatment of Claim in that class, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

      c.      <u>No Discrimination (11 U.S.C. § 1123 (a)(4))</u>.  The Plan provides for the same treatment by the Debtor for each Claim or Equity Interest in each respective class, thereby satisfying Section 1123(a)(4) or the Bankruptcy Code.

      d.      <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for its implementation and therefore satisfies Section 1123 (a)(5) of the Bankruptcy Code.

      e.      <u>Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  The Debtor does not have more than one class of voting securities and therefore Section 1123(a)(6) of the Bankruptcy Code is inapplicable.

      f.      <u>Selection of Officers, Directors and Other Persons (11 U.S.C. § 1123(a)(7))</u>.  Pursuant to the Plan, after confirmation, the Debtor will be managed by Kingdon Gould, Steve Yetso and James Blondell.  The Plan is consistent with the interests of creditors and with public policy, and satisfies Section 1123(a)(7) of the Bankruptcy Code.

4**.**      **<u>Compliance with Applicable Provision of the Code (11 U.S.C. § 1129)</u>.**

      a.      The Plan complies with the applicable provisions of the Bankruptcy Code thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

      b.      <u>Proponent's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Proponent has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

      c.      <u>Proponent's Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Proponent has proposed the Plan in good faith and not by any means forbidden by law.

    **5.**      **<u>Payments for Services or Expenses (11 U.S.C. § 1129(a)(4))</u>**.  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this

case, or in connection with the Plan prior to the Effective Date and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

6. **Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))**. As set forth above, after confirmation, the Debtor will be managed by Kingdon Gould, Steve Yetso and James Blondell.

7. **No Rate Changes (11 U.S.C. § 1129(a)(6))**. There will be no rate changes after confirmation of the Plan.

8. **Best Interest of Creditors Test (11 U.S.C. § 1129 (a)(7))**. The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code in that each holder of a Claim in an impaired class will receive under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9))**. The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

10. **Feasibility (11 U.S.C. § 1129 (a)(11))**. The Plan provides for the reorganization of the Debtor and will be funded by the Debtor's revenues. Therefore, the Plan satisfies Section 1129(a)(11) of the Bankruptcy Code.

11. **Payment of Fees (11 U.S.C. § 1129 (a)(12))**. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date pursuant to the Plan, thereby satisfying Section 1129(a)(12) of the Bankruptcy Code.

**12.** **Retiree Benefits (11 U.S.C. § 1129(a)(13)).** The Debtor had no pre-bankruptcy or post-bankruptcy program in place to pay "retiree benefits". Accordingly, the Debtor has no obligation to continue any such program under Section 1129(a)(13) of the Bankruptcy Code.

**13.** **Compliance with Applicable Subchapter V Provision of the Code (11 U.S.C. § 1191(b)).**

a. The Plan does not discriminate unfairly and is fair and equitable with respect to Calss1 which is unimpaired under the Plan.

b. The Plan provides that all of the Debtor's projected disposable income for three years plus an additional amount will be paid to the creditors.

c. The Debtor will be able to make all payments under the Plan.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

**1.** **Confirmation.** The Plan is approved and is confirmed under Section 1191 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Order.

**2.** **Objections.** All Objections to confirmation of the Plan that have not been withdrawn, waived or settled are overruled.

**3.** **Binding Effect.** Pursuant to Section 1141 of the Bankruptcy Code, the provisions of the Plan (including the exhibits to, and all documents and agreements as may be necessary, required, or appropriate to carry out the provisions of the Plan) shall be binding on (i) the Debtor, (ii) all holders of Claims against and Equity Interests in the Debtor, and (iii) each of their respective heirs, successors, assigns, trustees, executors and administrators.

**4.** **Distributions.** All rights of the holders of Claims of all classes under the Plan, including, without limitation, the right to receive distributions on account of such Claims, shall

hereinafter be limited solely to the right to receive such distributions, and retain such liens and other rights, only as exclusively as provided in this Order and the Plan.

5. **Termination of Automatic Stay.**  Except as otherwise provided in any other order of this Court, all injunctions or stays provided for under Sections 105 or 362 of the Bankruptcy Code or otherwise and extant on the Confirmation Date, shall remain in full force and effect until the Debtor receives a discharge.

6. **Payment of Fees.**  All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on or before the Effective Date.  All parties claiming administrative expense priority claims pursuant to § 507(a)(2) of the Bankruptcy Code but not already treated as such under the Plan shall file an application to approve their respective asserted administrative expense priority no later than fifteen (15) days after the Effective Date.  Subject to Court approval, the Debtor's attorney, Michael J. Lichtenstein, Esquire, Shulman, Rogers, Gandal, Pordy & Ecker, P.A. and the Debtor's financial advisor, JW Infinity Consulting, LLC and Jolene Wee shall be paid for the services rendered to the Debtor, and Monique Almy, the Subchapter V Trustee shall be paid for her services to the Debtor's estate as administrative expense priority claims under § 507 of the Bankruptcy Code and pursuant to Article VII of the Plan.

7. **Executory Contracts and Unexpired Leases**.  All executory contracts and unexpired leases shall be assumed or rejected, as applicable, in accordance with Article X of the Plan.

8. **17 M Street and Square 407 LP Cure Payments**.  To the extent that (i) the cure amount of $60,604.30, and (ii) any post-petition amounts that remain unpaid as of the effective date of assumption of the lease with 17 M Associates (together, the "17 M Plan Payments") are not paid in full within thirty-six (36) months, the Debtor shall continue to make quarterly payments

to 17 M Associates until such time as the 17 M Plan Payments have been paid in full and to the extent that (i) the cure amount of $22,505.32, and (ii) any post-petition amounts that remain unpaid as of the effective date of assumption of the lease with Square 407 LP (together, the "Square 407 Plan Payments") are not paid in full within thirty-six (36) months, the Debtor shall continue to make quarterly payments to Square 407 LP until such time as the Square 407 LP Plan Payments have been paid in full.

9. **CBRE and 5275 Sky7-Propco, LLC**. CBRE, 5275 Sky7-Propco, LLC, and their affiliates, agents, or co-owners, shall have up to thirty (30) days after the date this Order is entered to commence any adversary proceeding seeking to recover funds from the Debtor related to the Service Contract and/or any trust established thereby, and neither the entry of this Order nor the confirmed Plan shall bar the assertion of such claims.

10. **1150 18th SPE L.L.C**. Notwithstanding anything to the contrary herein, 1150 18th SPE L.L.C. shall be permitted to file an application for approval of an administrative expense claim no later than thirty (30) days following 1150 18th SPE L.L.C.'s receipt of gross sales from the Debtor for September 2020, October 2020, November 2020, and, as applicable, December 2020.

11. **Baltimore Landlords' Claim for Post-Petition Rent**. The Baltimore Landlords shall together have an allowed administrative expense claim in the amount of $36,000.00 for post-petition rent. For the thirty-six (36) consecutive months following the Effective Date, the Debtor shall pay the Baltimore Landlords $1,000.00 per month to satisfy this claim.

12. **Ally Bank**. The Debtor shall continue to make monthly payments to Ally Bank in the amounts of $592.67, $298.77 and $592.67 and, until paid in full, those loans shall remain secured by the vehicles described in Claims 9, 10 and 11, respectively.

13. **Vesting of Estate Property.** All estate property is vested in the Debtor on the Effective Date of the Plan, free and clear of all claims and interests in accordance with Article XI of the Plan.

14. **Discharge**. Under 11 U.S.C. § 1192, upon entry of this Order, the Debtor shall be discharged from all debts that arose prior to the Petition Date.

15. **Confirmation Order Controlling.** In the event of any direct conflict between the Plan and this Order, the terms of this Order shall control**.** The failure to specifically include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety, except as modified or otherwise provided for herein.

16. **Modifications.** So long as such amendments or modifications do not materially affect the interests of creditors, the Debtor may propose amendments or modifications to the Plan after the entry of this Order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

17. **Enforceability.** This Order shall be effective and enforceable immediately upon entry. The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument or action authorized by this Order or under the Plan as to the Debtor or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

18. **<u>Retention of Jurisdiction</u>**. This Court shall retain jurisdiction over all matters arising out of and related to this case, the Plan, and this Order in accordance with Sections 105(a) and 1142 of the Bankruptcy Code and the applicable provisions set forth in the Plan and this Order.

<u>Copies to</u>:
All counsel of record
All parties-in-interest

**END OF ORDER**